IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GARY SARGENT,

    Petitioner,                      No. C.V. S-06-2232 RRB KJM P

    vs.

WARDEN B. CURRY,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                                 /

          Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a recalculation of his presentence conduct credits and the application of Cal. Penal Code § 2933.1 to his ability to earn credits.

          Respondent has filed a motion to dismiss, arguing that the petition is not timely.

I. Background

          Petitioner was convicted in Nevada County in 1996. 4/26/07 Lodged Document 1.[1]

/////

---

[1] Respondent has lodged two groups of documents, each of which are numbered sequentially, beginning with number one. They will be identified by the date of lodging along with the document number.

1

On August 31, 1999, a correctional case analyst at the California Department of Corrections (CDC)[2] wrote to the Nevada County Superior Court, pointing out that petitioner's presentence credits should be reduced under California Penal Code § 2933.1.  8/10/07 Lodg. Doc. 1.  An amended abstract of judgment was filed October 7, 1999, reflecting a new calculation of petitioner's presentence conduct credits.  4/26/07 Lodg. Doc. 5.

On November 20, 2002, petitioner filed a grievance, arguing that he was sentenced under California Penal Code § 1170(d) and thus entitled to earn day-for-day conduct credits rather than have his conduct credits limited to fifteen percent of his term.  8/10/07 Lodg. Doc. 5.

Petitioner filed a petition for a writ of habeas corpus in Nevada County Superior Court on March 22, 2004; it was denied on September 20, 2004.  4/26/07 Lodg. Docs. 6 & 7.  He followed with a petition to the Court of Appeal on November 4, 2004; it was denied November 18, 2004.  4/26/07 Lodg. Docs. 8 & 9.  He then filed a petition in the California Supreme Court on December 8, 2004; it was denied November 2, 2005.  4/26/07 Lodg. Docs. 10 & 11.

The instant petition was filed October 10, 2006.

II. Analysis

The AEDPA provides a statute of limitations for filing a habeas petition:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] The CDC has since been renamed the California Department of Corrections and Rehabilitation.

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    Petitioner is not challenging his underlying conviction, but rather the October 7, 1999 recalculation of his sentence and what he characterizes as a determination, around the same time, that his ability to earn conduct credits was restricted. He did not appeal from the recalculation, so the AEDPA limitations year began to run at the expiration of the sixty day period for filing a notice of appeal from the amended abstract of judgment, which was December 7, 1999. The one year period thus expired December 8, 2000. Cal. Rule of Court 31(a)[3]; <u>Lewis v. Mitchell</u>, 173 F. Supp. 2d 1057, 1060 (C.D. Cal. 2001). The state habeas petitions, filed after the expiration of the limitations period, did not revive it. <u>Vroman v. Brigano</u>, 346 F.3d 598, 601-02 (6th Cir. 2003).

    Petitioner argues, however, that he was "not correctly informed" of the changes until 2003. Opp'n at 2. This argument suggests the determination of the statute of limitations should be governed by 28 U.S.C. § 2244(d)(1)(D), with the triggering date being that upon which the factual predicate of the claim could have been discovered by due diligence. See <u>Redd v. McGrath</u>, 343 F.3d 1077, 1082-83 (9th Cir. 2003) (in parole cases, date inmate learns of administrative denial of parole triggers the statute of limitations).

/////

---

[3] Rule 31(a) has since been renumbered, on two occasions; its current equivalent is Rule 8.308(a).

3

1    Respondent has lodged the declaration of Petra Melendrez, a records manager
2 with the CDC.  She avers that under departmental policy, an inmate is provided with a Legal
3 Status Summary whenever the department receives an amended legal document concerning the
4 inmate's conviction or sentence.  8/10/2007 Lodg. Doc. 2.  Petitioner's Chronological History
5 shows the CDC made an "administrative correction to offense date, 2933.1 not previously
6 applied, date change" on February 26, 1999, and that it received the amended abstract of
7 judgment on November 2, 1999.  8/10/07 Lodg. Doc. 3.  Finally, a Legal Status Summary dated
8 October 23, 2002, reflects the restrictions on the conduct credits available to petitioner as
9 reflected in his minimum release date.  8/10/07 Lodg. Doc. 4.  All of this, coupled with the
10 November 20, 2002 grievance in which petitioner complains that his sentence reflects a "half-
11 time" credit capacity, shows petitioner was aware of the factual predicate of his claim no later
12 than November 20, 2002.

13    Although petitioner claims he did not learn of the recalculation until 2003, he
14 provides no specifics to support his position.  As noted, his claim is rebutted by his 2002
15 grievance, in which he complains about the perceived change in his credit earning capacity and
16 its ultimate impact on his sentence.  Accordingly, the court finds the statute of limitations on the
17 sentencing claim began to run on November 20, 2002 and expired by November 20, 2003.  The
18 state collateral attacks, filed after the statute of limitations had expired, did not revive it.  The
19 instant petition is untimely.

20    Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to
21 dismiss be granted.

22    These findings and recommendations are submitted to the United States District
23 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
24 days after being served with these findings and recommendations, any party may file written
25 objections with the court and serve a copy on all parties.  Such a document should be captioned
26 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

1  shall be served and filed within ten days after service of the objections.  The parties are advised
2  that failure to file objections within the specified time may waive the right to appeal the District
3  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  DATED: December 10, 2007.

_____
U.S. MAGISTRATE JUDGE

2/sarg2232.157