IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH GARY SARGENT,

    Petitioner,

vs.

ANTHONY KANE, Warden,[*]

    Respondent.

Case No. 2:06-cv-02232 JKS KJM P

ORDER

    Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He seeks to challenge a 1999 modification of his sentence that reduced his pre-sentence good-time credits pursuant to California Penal Code § 2933.1.  Respondent filed a motion to dismiss, alleging that Petitioner's application was untimely.  Docket No. 7.  Petitioner opposed the motion.  Docket No. 12.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

    On December 11, 2007, the magistrate judge filed findings and recommendations herein, recommending Petitioner's application be dismissed as untimely.  Docket No. 19.  Petitioner filed objections.  Docket No. 22.  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this Court has conducted a *de novo* review of the portions of the findings and recommendations to which objection has been made.  Having carefully reviewed the file, the Court

---

    [*]Respondent has informed the Court that Anthony Kane is now the warden at Petitioner's place of incarceration.  Therefore, Warden Kane is substituted as respondent for B. Curry.  *See* Fed. R. Civ. P. 25(d); Rules Governing § 2254 Cases, Rule 2(a); Docket No. 7 at 1 n.1.

1

finds that Petitioner's application must be dismissed because it was untimely under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d).

Petitioner argues his application should not be time barred because:  (1) AEDPA does not apply because Petitioner is neither a terrorist nor sentenced to death; (2) there is no time limit to correct an illegal sentence; (3) Federal Rule of Criminal Procedure 35 allows sentences to be corrected anytime; and (4) there is no time limit to appeal a voided judgment under Federal Rule of Civil Procedure 60(b)(4).

To begin, Petitioner is mistaken that the AEDPA applies only to terrorists or those sentenced to death.  *See* 28 U.S.C. § 2244(d)(1) (time limitation applies to applications for habeas corpus from any person "in custody pursuant to the judgment of a State court").  Second, an application for a writ of habeas corpus is the sole remedy for a state prisoner seeking to challenge either the fact or the duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Where the prisoner is in custody pursuant to a state court judgment, the AEDPA time limits apply.  *See* 28 U.S.C. § 2244(d)(1).  The cases cited by Petitioner are irrelevant to the time limits imposed upon applications for a writ of habeas corpus in *federal* court.  Third, Federal Rule of Criminal Procedure 35 is inapplicable to Petitioner's sentence, as the rule applies only to criminal proceedings in federal courts.  *See* Fed. R. Crim. P. 1(a).  Finally, Petitioner cannot challenge a state court judgment and sentence pursuant to Federal Rule of Civil Procedure 60(b).  *See* Fed. R. Civ. P. 1; *Preiser*, 411 U.S. at 500 ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

The Court concurs with the magistrate judge that the AEDPA statute of limitations began to run no later than November 20, 2002, when Petitioner filed an administrative grievance, which demonstrated he was aware of the factual predicate of his claim.  *See* Docket No. 1 at 23.  As none of Petitioner's state collateral attacks were commenced until 2004, after the one-year statute of limitations had run, they did not toll or revive the statute of limitations.  *See Vroman v. Brigano*, 346 F.3d 598, 601-02 (6th Cir. 2003).  Petitioner's application, filed in 2006, was untimely.

ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed December 11, 2007, are adopted in full;

2. Respondent's motion at Docket No. 7 is GRANTED;

3. Petitioner's application for a writ of habeas corpus is dismissed; and

4. The Clerk shall enter judgment accordingly.

Dated this the 28th day of May 2008.

/s/ James K. Singleton, Jr.<br>
**JAMES K. SINGLETON, JR.**<br>
United States District Judge

ORDER